KIMBALL & BRICKETT *v.* JOHN HOPKINS, and E. B. CHASE, Trustee.

A justice of the peace has not jurisdiction of an action of book account, commenced by trustee process, when the *debit* side of the plaintiff's book exceeds forty dollars.

BOOK ACCOUNT. The action was originally commenced by trustee process before a justice of the peace, and came to the county court by appeal. The balance claimed in the declaration and the *ad damnum* were each forty dollars.

Burroughs *v.* Wright et al.

After *oyer* of the plaintiffs' account the defendant, Hopkins, pleaded in abatement to the jurisdiction of the court, alledging that the *debit* side of the plaintiffs' account exceeded forty dollars; to which plea the plaintiffs demurred. The court held the plea sufficient, and dismissed the suit; to which the plaintiffs excepted.

*Bartlett & Fletcher* for plaintiffs.

*George C. Cahoun* for defendant.

The opinion of the court was delivered by

REDFIELD, J. Whether this plea is understood, as it reads, that the *debit* side of the plaintiffs' book was more than forty dollars, or with an implication that the *sum due* was less than forty dollars, it will be impossible to sustain the jurisdiction.

The Revised Statutes, page 190, § 2, enact that no trustee "process shall be commenced before a justice, when the matter in demand shall exceed the sum of forty dollars." By section 8, page 170, it is enacted that "the matter in demand, in actions on book account, shall be considered the debtor side of the plaintiff's book." As these two statutes were passed at the same session of the legislature, and are but parts of one system, and are *in pari materia,* they must be construed as one enactment; and in this view it is impossible to doubt but that the plea to the jurisdiction of the justice is well founded.

Judgment affirmed.